UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 16-CR-20465

vs.                                                HON. BERNARD A. FRIEDMAN

MICHAEL CARRINGTON KENNEDY,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 74]. The government has filed a response in opposition. Defendant has not filed a reply and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, an inmate at FCI McKean in Lewis Run, Pennsylvania, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because of the prevalence of the

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

Coronavirus within Federal Bureau of Prisons ("BOP") facilities and FCI McKean in particular. Def.'s Mot. at 1.

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id.* (citations omitted).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, defendant indicates that he suffers from a number of health conditions, including "chronic bronchitis," "shortness of breath," "a heart condition," and "a heart murmur." Def.'s Mot. at 1. Defendant adds that he has a "torn ACL, that has not been treated in anyway." *Id*. According to the Centers for Disease Control and Prevention, some of these conditions "can make you more likely to get severely ill from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 17, 2021); *see also* Def.'s Mot. at 1. However, the government notes that

---

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> . . . .

> defendant, who is 31 years old, presents with no significant medical issues save a recent surgical procedure to repair a persistent knee injury. He also previously tested positive for Covid-19–though appeared to be asymptomatic based on BOP records–and in any event has since fully recovered. He has no *documented* history of shortness of breath, asthma, or cardiovascular issues (including no evidence of a heart murmur), save one recent complaint of recurrent chest pain that was unable to be substantiated by medical personnel.

Pl.'s Resp. Br. at 3-4 (emphasis in original) (citing Pl.'s Ex. C. (Medical records 2020-2021)).

Moreover, the government states that "the defendant was offered . . . all three of the currently-authorized Covid-19 vaccines (Pfizer-BioNTech on February 12, 2021; J&J/Janssen on April 21, 2021; and Moderna on May 4, 2021), and he refused all three." *Id*. at 16 (emphasis in original). As another judge in this district recently stated,

> [a] prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of compassionate release.

*United States v. Austin*, No. 15-CR-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) *appeal docketed*, No. 21-1363 (6th Cir. Apr. 14, 2021).

Additionally, defendant has not shown that the risk of infection at FCI McKean is unacceptably high. The BOP presently reports only three active cases of COVID-19 (one inmate and two staff) at the facility. *See* https://www.bop.gov/coronavirus (last visited June 17, 2021). This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and

3

compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Therefore, the Court is not persuaded that the threat to defendant's health is so severe as to constitute an extraordinary and compelling circumstance within the meaning of the compassionate release statute.

Finally, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C). These factors counsel against releasing defendant early. In February 2017, defendant was found guilty of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Court sentenced defendant to 84 months' imprisonment, a middle-of-the-guidelines sentence, on May 23, 2017. This was the fourth felony offense on defendant's record. *See* Pl.'s Resp. Br. at 31. Further, the firearm at issue was "stolen, loaded, and unholstered in a vehicle with his children." *Id*.; *see also* Sent'g Tr. at 9-10 (noting that "it was a loaded gun rolling around floorboards with Defendant's two young children"). At sentencing, the Court made clear that defendant's seven-year sentence was

4

necessary for general and specific deterrence and to protect the safety of the public. The Court emphasized the fact that defendant had not "been deterred in the past. He's been given lots of breaks and continues to violate those breaks and to . . . plac[e] other people in jeopardy." Sent'g Tr. at 25-26. Defendant has served just over half of his sentence to date. Releasing defendant now would undermine the purposes of the above-referenced § 3553(a) factors. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied

.

                                                                       s/Bernard A. Friedman
                                                                       BERNARD A. FRIEDMAN
Dated: June 21, 2021                     SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan