UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL CARRINGTON
KENNEDY,

        Defendant.
_____/

Case No. 16-cr-20465
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 90)

This matter comes before the Court on the request of Defendant Michael Kennedy for early termination of supervised release.[1] (*See* ECF No. 90.) On February 1, 2017, a jury convicted Mr. Kennedy of being a felon in possession of a firearm in violation of 18 U.S C. § 922(g)(1) after police officers recovered a loaded stolen firearm in his possession during a traffic stop. (ECF No. 28; ECF No. 92 at Pg ID 725). A few months later, United States District Court Judge Bernard A. Friedman sentenced Mr. Kennedy to eighty-four months in prison to be followed by a three-year term of supervised release. (ECF No. 38.)

---

[1] This matter was reassigned to the undersigned on December 19, 2024.

Mr. Kennedy was released from custody in June 2023 and began serving his term of supervised release, which is scheduled to end on June 4, 2026.  (ECF No. 92 at Pg ID 726.)  Mr. Kennedy has served approximately eighteen months of his supervised release term and now asks the Court for early termination.  (*Id*.)  The Government opposes the request.  (*See generally* ECF No. 92.)

Pursuant to § 3583(e), a district court has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term.  18 U.S.C. § 3583(e)(1).  The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action.  *Id*.  The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'"  *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).  It bears noting that the Sixth Circuit recently clarified that "18 U.S.C. § 3583 does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration."  *United States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025).  The Court must consider a subset of the sentencing factors set forth in

2

18 U.S.C. § 3553(a) to determine whether Mr. Kennedy's conduct and the interests of justice warrant an early termination. *See id*. at 640.

Mr. Kennedy contends that his term of supervised release should be terminated early because he has been able to maintain employment, start a legitimate business, and remain drug-free for six months. (ECF No. 90 at Pg ID 710-12.) He notes that he wants to "continue to correct [himself] without limitation." (*Id*. at Pg ID 712.) Furthermore, Mr. Kennedy shares that he lost his mother within five months of being placed on supervised release and that this loss "shattered his world." (*Id*. at Pg ID 711.) He notes that, as a result, he felt "very suicidal" and continues to battle depression and post-traumatic stress disorder, all of which has led him to attend therapy twice a week. (*Id*.) Unfortunately, Mr. Kennedy reports that these circumstances played a role in causing him to relapse "and use marijuana as a way to self-medicate." (ECF No. 93 at Pg ID 733.) He also reports that he has lost other close family members, including his youngest sister, who was tragically murdered, and his father. (ECF No. 90 at Pg ID 712; ECF No. 93 at Pg ID 733.)

The Government acknowledges Mr. Kennedy's progress but opposes the request because Mr. Kennedy has admitted to four violations while on supervised release, which resulted in Judge Friedman placing him on location monitoring with home detention for six months. (ECF No. 92 at Pg ID 728.) The violations

3

included testing positive for marijuana, leaving the supervising district without permission, failing to report contact he had with the police, and twice failing to report to his probation officer for substance abuse testing. (*Id*.)

The Government also concedes that the violations are minor in nature but believes that the reoccurrence of these actions is troubling, and that Mr. Kennedy has been less than truthful in his request to the Court for early termination. (*Id*. at Pg ID 729.) In his reply, Mr. Kennedy contests the allegation that he has intentionally misled the Court about his behavior on supervised release. (ECF No. 93 at Pg ID 734.) Specifically, Mr. Kennedy states that he believed the Court was aware of the violations because he assumed the Court had a court file setting forth his behavior. (*Id*. at Pg ID 733.)

Turning to the subset of factors set forth in § 3553(a), the Court considers the nature and circumstances of the offense and Mr. Kennedy's criminal history. Mr. Kennedy committed a serious crime as a felon with a prior conviction. (ECF No. at Pg ID 92 at Pg ID 725.) More importantly, the gun in this case–which was stolen–was loaded and found on the floor of a car with children in the back seat. (*Id*.)

The Court further considers the need for the sentence imposed, which includes Mr. Kennedy's conduct while on supervised release. Supervised release is meant to adequately deter criminal conduct, protect the public from further

4

criminal acts by Mr. Kennedy, assist him in both securing stability in his life, and provide him with the ability to make better choices. Notably, much of this has occurred over the eighteen months Mr. Kennedy has been on supervised release, but by his own admissions, Mr. Kennedy has fallen short in certain significant areas. Mr. Kennedy says that, at one point since his release from prison, he "lost everything [he] had been working so hard to acquire and maintain." (ECF No. 90 at Pg ID 711-12.) However, despite these circumstances, Mr. Kennedy has maintained employment, started a legitimate business, worked to improve his mental health, and appears to now be drug-free.

    The Court commends the progress Mr. Kennedy has made and does not take lightly the steps he has taken to improve his life: maintaining employment, starting his own business, and going to therapy to address his mental health struggles. However, in the Court's observation, a large portion of Mr. Kennedy's success is attributed to him being on supervised release. *See* Order, *United States v. Johnson*, No. 20-cr-20156 (E.D. Mich. June 16, 2023), ECF No. 8 at Page ID 41-43 (Drain, J.) (denying early termination of supervised release where defendant served three years and five months of a five-year term because "continued supervision [was] necessary to deter criminal conduct and the possibility of further crimes"). The Court is unconvinced that serving the remaining fourteen months of the supervised release term will be a burden for Mr. Kennedy, and in fact, for the reasons stated

5

above, the Court views the remaining term to be served by Mr. Kennedy as a benefit to him and the public.  While the Court applauds Mr. Kennedy for his conduct and encourages him to continue these productive and positive efforts, the Court nonetheless concludes that it is in the best interest of justice for Mr. Kennedy to remain on supervised release at this time.

Accordingly,

**IT IS ORDERED** that Mr. Kennedy's Motion for Early Termination of Supervised Release (ECF No. 90) is **DENIED**

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 14, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager